UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUSTAVE ERIC KELLER,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>LAS VEGAS DISTRICT COURT,<br><br>　　　　　　　　　　Respondent. | Case No. 2:23-cv-02075-RFB-BNM<br><br>Order Dismissing Petition |

Gustave Eric Keller has submitted a pro se 28 U.S.C. § 2254 habeas corpus petition. (ECF No. 2.) He seeks to challenge a Nevada state judgment of conviction, pursuant to an Alford plea,[1] for violation of a protective order. However, a § 2254 habeas corpus petition is available to challenge a state-court judgment on the ground that a petitioner is in custody in violation of the U.S. Constitution or federal law. § 2254(a). Keller indicates in his petition that he was released from state custody in March 2022. (See ECF No. 2 at 2.)[2] He dispatched his petition for mailing in December 2023. (See id. at 8.) Federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "'under the conviction or sentence under attack at the time his petition is filed.'" See, e.g., Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)).[3] Accordingly, this petition is dismissed for lack of jurisdiction.

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

[2] The Nevada Department of Corrections website also reflects that Keller has discharged his sentence. (See https://ofdsearch.doc.nv.gov/form.php, last visited January 16, 2024.)

[3] The term "custody" encompasses not only individuals subject to immediate physical imprisonment, but also individuals subject to restraints not shared by the public generally that significantly confine and restrain freedom. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982). See also, e.g., Williamson v. Gregoire, 151 F.3d 1180, 1183-1184 (9th Cir. 1998) (holding that a habeas petitioner challenging Washington's sex-offender registration law did not meet the "in custody" requirement because the law did not impose a significant restraint on the petitioner's liberty).

The court will not issue a certificate of appealability, as reasonable jurists would not debate the dismissal of this petition.

IT IS THEREFORE ORDERED that the petition (ECF No. 2) is **DISMISSED** for lack of jurisdiction.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

The Clerk of Court is directed to enter judgment accordingly and close this case.

**DATED:** 17 January 2024.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE